## SUPREME COURT.

HENRY CLEWS and others agt. THE ROCKFORD, ROCK ISLAND
AND ST. LOUIS RAILROAD.

*Service of summons on a foreign corporation.*

The service of a summons here on the general solicitor or counsel of a
foreign corporation is good service, where the corporation has failed to
designate a person residing in this state on whom service of papers
could be made, as required by chapter 279 of Laws of 1855.

*Westchester Special Term, January,* 1874.

A SUIT has been instituted by Henry Clews and others
against the Rockford, Rock Island and St. Louis railroad, to
recover $45,000 damages for an alleged breach of contract to
deliver $50,000 in amount of town bonds. An attachment
was issued, and the only thing claimed to have been attached
is a suit pending in this state and another pending in Penn-
sylvania, against Henry H. Boody, to recover nearly $300,000.
On December 27, 1873, copies of the summons and complaint
were handed to C. M. Osborne, of Rock Island, Ill., who
happened to be in New York city. This attempted service
is now sought to be set aside. Mr. Osborne swears that he is
not and has not been an agent in any sense, and is and has
been only the defendant's solicitor in certain matters, and not
a person on whom service could be legally made. The ques-
tion involved in the motion is one of practice under the Code,
and turns on the point as to what constitutes a valid service on
a foreign corporation. On looking over the papers, which
are voluminous, there appears to be no question that the

defendant is a foreign corporation. The summons was served on Mr. Osborne while he was stopping at the St. Nicholas hotel. In his affidavit, Mr. Osborne admits that he had acted as general solicitor for the corporation as to most, but not as to all, of its litigation, and avers that he had no authority to accept service of papers for the said corporation. At the time of the service, the defendant, it is alleged, was a foreign corporation within the meaning of the Code, and that the deponent was not one of its officers or agents; that he is its general solicitor only by special appointment from time to time, for special services; that he was not admitted to practice in the state of New York, and is not the attorney of the corporation in reference to this particular claim. A copy of the warrant of attachment to sheriff Williams and his return is annexed to Mr. Osborne's affidavit; and John S. Smith deposes that he believes the plaintiff intends to endeavor to obtain judgment under the attempted service of the summons on Mr. Osborne. The contract between the plaintiff and defendant was that a pending suit should be discontinued, on payment of the sum of money for which the present suit is brought.

The sheriff's return is to the effect that none of the defendant's property was in his possession. The answer of the other side alleges that the defendant has had, for several years, an office at 71 Broadway and elsewhere in New York, where regular meetings of the board of directors are held; that, in pursuance of an order obtained from justice GILBERT, the sheriff levied on property in the possession of H. H. Boody, of Brooklyn; that none of the persons holding the official relation to the company prescribed by section 134 of the Code were in the city; wherefore, service was made on Charles Osborne, the general solicitor of the company, who had, in accordance with the by-laws of the company, supervision and charge of all the business of the company.

A certificate of the secretary of state is annexed, to the effect that there was no person designated by the defendant

Clews agt. Rockford, Rock Island and St. Louis R. R.

as residing in this state on whom service of papers could be made, as required by chapter 279, Laws of 1855.

TAPPEN, J. — It is shown that the defendants established a place of business in New York city; that they did not designate any person on whom service of papers might be made, and that the summons was served upon a person who was their general solicitor or counsel. The motion to set aside the service is therefore denied, with ten dollars costs, to abide the event.